UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jacobs Trading, LLC,

       Plaintiff,

v.                                                   Civil No. 11-354 (JNE/AJB)
                                                   ORDER

Ningbo Hicon International
Industry Co., Ltd.,

       Defendant.

On February 15, 2011, the Court noted deficiencies in Jacobs Trading, LLC's jurisdictional allegations and granted Jacobs Trading an opportunity to redress them. Jacobs Trading filed an Amended Complaint whose jurisdictional allegations remain deficient. The Court grants Jacobs Trading another opportunity to properly allege subject matter jurisdiction.

Jacobs Trading asserts 28 U.S.C. § 1332(a)(2) (2006) as the jurisdictional basis of this action. Section 1332(a)(2) provides that district courts have original jurisdiction over certain civil actions that are between "citizens of a State and citizens or subjects of a foreign state."

In its Amended Complaint, Jacobs Trading alleges that it is a limited liability company that has six members. Three are Minnesota corporations whose principal places of business are in Minnesota, and three are limited liability companies whose members are alleged to be citizens of the United States. Jacobs Trading also alleges that Ningbo Hicon International Industry Co., Ltd., is "a Chinese-foreign joint venture." The joint venture consists of a Chinese corporation and a Japanese corporation whose principal place of business is in Japan.

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the

party invoking diversity jurisdiction, Jacobs Trading bears the burden of establishing the citizenship of all parties.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

*Jacobs Trading*

For purposes of diversity jurisdiction, a limited liability company takes the citizenship of its members.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Jacobs Trading has properly alleged the citizenship of its three corporate members.  *See* 28 U.S.C. § 1332(c)(1).  However, Jacobs Trading has not properly alleged the citizenship of its remaining members, *i.e.*, the three limited liability companies.  As noted above, the members of the three limited liability companies are alleged to be citizens of the United States.  Jacobs Trading does not allege in what state, if any, the citizens of the United States are domiciled. Without this information, the Court cannot determine whether subject matter jurisdiction exists. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State."); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183-84 (3d Cir. 2008) ("An American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such a person is 'stateless' for purposes of diversity jurisdiction."); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state . . . .").

*Ningbo Hicon International Industry*

"For diversity purposes, the citizenship of a joint venture is the citizenship of each of its members." *Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996). Jacobs Trading has not alleged the location of the Chinese corporation's principal place of business. Without this information, Jacobs Trading's allegation of Ningbo Hicon International Industry's citizenship is incomplete. *See Danjaq, S.A. v. Pathe Comm'cns Corp.*, 979 F.2d 772, 773-74 (9th Cir. 1992); *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31, 35 (5th Cir. Unit B Oct. 1981); *cf. JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 98 n.3 (2002).

*Conclusion*

The Court grants Jacobs Trading seven days from the date of this Order to set forth with specificity the citizenship of all parties and to establish complete diversity of citizenship. If Jacobs Trading fails to do so, the Court will dismiss this action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated:  February 28, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge