UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jacobs Trading, LLC,

       Plaintiff,

v.                                                       Civil No. 11-354 (JNE/AJB)
                                                     ORDER

Ningbo Hicon International
Industry Co., Ltd.,

       Defendant.

     Jacobs filed its first Complaint in federal court on February 11, 2011, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (2006). On February 15, 2011, the Court noted deficiencies in Jacobs Trading, LLC's jurisdictional allegations and granted Jacobs Trading an opportunity to redress them. Jacobs filed an Amended Complaint on February 23, 2011. On February 28, 2011, this Court again found that Jacobs failed to properly invoke diversity jurisdiction. On March 3, 2011, Jacobs filed its Second Amended Complaint. The Second Amended Complaint alleges that Jacobs is an limited liability company (LLC) with six members—three being Minnesota corporations with their principal place of business in Minnesota, and three being LLCs with their principal place of business in Minnesota. Jacobs alleges the residence of the individual members of the various LLCs. Jacobs also alleges that one of the member LLCs has twenty individual members, nineteen of whom reside in Minnesota, one who resides in North Dakota, and one who resides in Pennsylvania.

     First, the Court notes that while Plaintiff has stated that this one member LLC has twenty individual members, it has alleged twenty-one different residences. Further, under 28 U.S.C. § 1332(a)(2), the Plaintiff must show that the controversy is between "citizens of a State and citizens or subjects of a foreign state." "Residence" is not the same as "citizenship" for purposes

2

of diversity jurisdiction.  *See Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).  To properly plead the citizenship of the parties to invoke diversity jurisdiction, the Plaintiff must allege the *domicile* of the individual members.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely.").

Oral argument in this matter is scheduled for Thursday, January 5, 2011.  At that hearing, counsel for Plaintiff Jacobs Trading, LLC should be prepared to answer questions regarding the citizenship of the individual members of Plaintiff's LLC members.

IT IS SO ORDERED.

Dated:  January 3, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge